10-3282-cv
Cooper v. AlliedBarton Security Services

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**<u>SUMMARY ORDER</u>**

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 19th day of May, two thousand eleven.

PRESENT:
        RALPH K. WINTER,
        ROSEMARY S. POOLER,
        BARRINGTON D. PARKER,
                *Circuit Judges.*

_____

Gary Cooper,

                *Plaintiff-Appellant*,

      v.                                  No. 10-3282-cv

AlliedBarton Security Services, New York City Dept. of Citywide Administrative Services,

                *Defendants-Appellees*.

_____

For Appellant:                         GARY COOPER, *pro se*,
                                        Brooklyn, NY.

For Defendant-Appellee AlliedBarton Security Services:   MATTHEW D. CRAWFORD,
                                        Martenson, Hasbrouck & Simon,
                                        Atlanta, GA.

For Defendant-Appellee New York City
Department of Citywide Administrative Services:   ANDREW WELLIN and LARRY
                                        SONNENSHEIN, New York City
                                        Law Department, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Gardephe, *J.*).

**UPON DUE CONSIDERATION**, it is hereby **ORDERED, ADJUDGED AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Gary Cooper appeals *pro se* from the district court's judgment granting summary judgment to Defendants-Appellees on his employment discrimination claims. We assume the parties' familiarity with the facts and procedural history.

We review orders granting summary judgment *de novo* and focus on whether the district court properly concluded that there was no genuine issue as to any material fact and the moving party was entitled to judgment as a matter of law. *See Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003). To bring a claim under Title VII of the Civil Rights Act, a plaintiff must first establish a *prima facie* case of discrimination. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). If established, the burden of production then shifts to the employer to demonstrate a legitimate, nondiscriminatory purpose for the employment decision. *Id.* Once the employer has met this burden, the burden shifts back to the plaintiff to demonstrate, by a preponderance of the evidence, that the nondiscriminatory reason was merely a pretext for discrimination. *Id.* at 804-05. The ultimate burden of persuasion is always on the plaintiff, who must demonstrate that the employer's action was prompted by an impermissible motive. *See St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 511-12, 518 (1993) (citing *Tex. Dep't of Comty. Affairs v. Burdine*, 450 U.S. 248, 253 (1981)).

Here, the district court properly granted summary judgment to Defendants because Cooper can neither establish a *prima facie* claim of race discrimination, as he failed to

demonstrate that the circumstances surrounding his termination gave rise to an inference of discrimination, nor rebut Defendants' proffered non-discriminatory reason for the adverse employment action Cooper suffered, namely, that Cooper was terminated from his employment because he admittedly fell asleep at his post as a security guard on multiple occasions, which was prohibited by his employer's rules.

We review Cooper's challenge to the district court's decision to decline to consider declarations Cooper submitted to the court in granting the Defendants' motions for summary judgment, for abuse of discretion. *See United States v. Munoz-Franco*, 487 F.3d 25, 34 (2d Cir. 2007). Contrary to Cooper's assertion, however, the district court was not required to consider evidence that was not admissible under the Federal Rules of Evidence. *See* Fed. R. Civ. P. 56(c)(4) (providing that "[a]n affidavit or declaration used to support or oppose a motion must be made on personal knowledge [and] set out facts that would be admissible in evidence"); *Raskin v. Wyatt Co.*, 125 F.3d 55, 65-66 (2d Cir. 1997) (noting that "[t]he principles governing admissibility of evidence do not change on a motion for summary judgment"). The declarations Cooper submitted by other AlliedBarton employees were not based on their personal knowledge regarding the adverse employment action Cooper suffered; contained multiple instances of hearsay; and were largely irrelevant to the claims raised in Cooper's complaint.

Insofar as Cooper's third amended complaint can be construed as seeking to raise a so-called "hybrid" action against both his employer, AlliedBarton, for breaching the collective bargaining agreement in violation of § 301 of the Labor Management Relations Act, and his union, Allied International Union, for breaching its duty of fair representation in redressing Cooper's grievance against AlliedBarton, the statute of limitations for such a claim is six months,

3

and begins to run when the employee knew or should have known of the breach of the duty of fair representation. *See White v. White Rose Food*, 128 F.3d 110, 114-15 (2d Cir. 1997) (discussing hybrid claims); *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 169 (1983) (discussing statute of limitations period). Here, Cooper was terminated in July 2008, and filed his original complaint over a year later, in July 2009. Accordingly, any hybrid action Cooper sought to raise is untimely and thus without merit.

We have reviewed Cooper's remaining arguments and find them to be without merit. For the reasons stated above, the judgment of the district court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk